USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/31/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION

H. C., a minor under the age of 18 years by his
Mother and Father, his natural Guardians and
Meridith McDowell-Choate and Barry Choate, individually
And in the Matter of the Settlement of the Claims of H. C. an
Infant, by his Parents and Guardians,

                              Plaintiffs

against

PAWLING CENTRAL SCHOOL DISTRICT,
PAWLING MIDDLE SCHOOL
BOARD OF EDUCATION OF PAWLING CENTRAL SCHOOL DISTRICT and
KIM FONTANA, SUPERINTENDENT OF PAWLING CENTRAL SCHOOL DISTRICT

                              Defendants

7: 24 cv 3570 (NSR)

ORDER SETTLING CLAIM
and MINOR'S CLAIM

Upon reading and filing the Petition of Meridith McDowell-Choate and Barry Choate, parents and guardians of _____ (hereinafter "H.C.") a minor under the age of 18 years, sworn to on the 10th day of February, the affidavit of Andrew S. Langsam, the attorney for Meridith McDowell-Choate and Barry Choate (hereinafter "the Choates") as well as H.C. in the captioned matter, and H.C. and the Choate Parents being excused from personally appearing before the Court,

NOW, upon the aforesaid papers and it appearing that the acceptance of the sum of $250,000.00 in settlement of the causes of action, the claims and the matters complained about, in the Complaint, it appearing clear to be in the best interests of H.C. and the Choates and that the sum of $250,000.00 being fair and reasonable and that the value of the legal services rendered by Andrew S. Langsam, Law Office of Andrew S. Langsam, PLLC, in prosecuting and negotiating the settlement of said action has been provided to the Choate Parents and to H.C. as *pro bono* and the sum of no more than about $3,580.00 has been deducted from the overall settlement for payment of the disbursements/expenses (Mediator's Fee, Travel, copying, postage,

and miscellaneous out of pocket disbursements for the matter), leaving a net Settlement Amount of about $246,420.00, it is hereby ORDERED:

That Andrew S. Langsam and the Law Offices of Andrew S. Langsam, PLLC, as attorney and the law firm representing H.C. and the Choates, have authority and are empowered to settle and compromise the above-entitled claims by executing a General Release to the Defendants, for resolving alls cause of action, the Complaint and entire matter on behalf of the minor claimant and the Choates upon the payment by check to The Choates in the total sum of $250,000.00, with said total amount to be paid by insurance coverage of the Pawling Central School District ("Pawling CSD") and the other named Defendants; and it is further,

ORDERED that the Choates as guardians of the minor H.C. are authorized to execute and deliver to the Defendants a General Release to settle the claims of the Plaintiffs in the captioned matter, conditioned upon the Defendants and their insurance coverage tendering to the Choates, the check payable to the Choates in the amount of $250,000.00; and it is further

ORDERED there is no need for a bond in this matter and the need for a bond is dispensed with; and it is further,

ORDERED that the firm of Andrew S. Langsam, Law Office of Andrew S. Langsam, PLLC, is awarded the total sum of $3,580 in repayment of the Choates portion of the fees of the Mediator, the travel expenses of Andrew S. Langsam, the copying, mailing, and other miscellaneous expenses of the litigation as disbursements, and it is further,

ORDERED that the remaining $246,420.00 of the payment in Settlement shall be provided to the Choates for repayment of private school tuition to Mizzentop Day School for a part school year of 2023-2024; and the tuition reimbursement to Trinity Pawling for H.C. for H.C. for 2024-25; with the balance currently intended to be used for the private school tuition reimbursement to Trinity Pawling for H.C. for his 10th, 11th and 12th grade education at Trinity Pawling, with any balance to be used for the care, well-being, medical, psychological, psychiatric care, etc. of H.C. all as to be reasonably and determined by the Choates as Parents for H.C. and if any funds remain after H.C. has attended private school at Trinity Pawling, the Choate Parents have the right to apply the same toward any further medical or psychiatric or psychological care of H.C. if any, or to any further education of H.C. beyond 12th grade, and it is further,

ORDERED that if H.C. shall die before all funds have been disbursed on his behalf as set

forth above, the Choates have the right and are hereby authorized to apply the same to the medical care, education and well-being of their daughter, and it is further,

ORDERED, that conditioned upon compliance with the terms of this Order, the said guardians and parents, the Choates, be and are hereby authorized and empowered to execute and deliver a General Release and any other instrument necessary to effectuate the Settlement herein, and it is further,

ORDERED, that all settlement funds shall be free from anticipation, assignment, pledge, or obligation of H.C. his heirs, executors, administrations, successors and assigns, and shall not be subject to attachment, exclusion or other legal process; and it is further,

ORDERED, that the necessity for filing a bond or other security by the Choate is hereby dispensed with; and it is further,

ORDERED, that the settlement proceeds shall be in full satisfaction of all damages for all claims, causes of action, the Complaint, but only against any and all of the named Defendants for the causes of action alleged in the Complaint.

**ORDERED, that the settlement proceeds be deposited into an account for the express purpose of funding H.C.'s secondary education and medical treatment. If any balance remains, it may be used for college tuition.**

Signed: _____

Honorable D.J. Nelson S. Roman

Dated: March 31, 2025

White Plains, New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION

7: 25 cv 3570 (NSR)

H. C., a minor under the age of 18 years by his
Mother and Father, his natural Guardians and
Meridith McDowell-Choate and Barry Choate, individually
And in the Matter of the Settlement of the Claims of H. C. an
Infant, by his Parents and Guardians,

           Plaintiffs           VERIFIED PETITION

against

PAWLING CENTRAL SCHOOL DISTRICT,
PAWLING MIDDLE SCHOOL
BOARD OF EDUCATION OF PAWLING CENTRAL SCHOOL DISTRICT and
KIM FONTANA, SUPERINTENDENT OF PAWLING CENTRAL SCHOOL DISTRICT

           Defendants

PLAINTIFFS, MERIDITH MCDOWELL-CHOATE and BARRY CHOATE, parents to co-PLAINTIFF, H. C. their minor child in the identified civil action, respectfully state to the Court:

1. We are the parents and guardians for H. C., Harrison Choate, an infant.

2. H.C. resides full time with us in Pawling, New York.

3. H.C. is currently 15 years old and attends a private school, Trinity Pawling within Pawling, New York.

4. The bullying of H.C. occurred in 5th grade and continued through 6th grade, into 7th grade and then continued on in H.C.'s 8th grade of attendance at a Middle School within the

Pawling Central School District.

5. As a consequence of the continuous bullying by other same-grade students within the Pawling Central School District, including verbal teasing, abuse, threats, and actual physical incidents, culminating in or about November of his attendance of the Pawling Middle School's 8th grade program, we removed H.C. therefrom and enrolled him into Mizzentop Day School to conclude his 8th grade education.

6. As Mizzentop Day School has no educational program beyond 8th grade, we had H.C. enter the Trinity Pawling private school as a non-boarding school student within Pawling, New York for attendance of his 9th grade.

7. We anticipate continuing H.C.'s education at Trinity Pawling, a private school for the completion of H.C.'s secondary school education, as a non-boarding school student.

8. Private school tuition at Trinity Pawling for his 9th grade education, was already paid by us and totalled about $54,000 for the 2025-25 school year. We transport H.C. to and from Trinity Pawling and thus are currently avoiding public school busing and private school busing expenses. Each year after 9th grade, until graduation at the conclusion of 12th grade, it is anticipated to cost no less than $56,000 per school year for H.C. to attend Trinity Pawling.

10. We determined that H.C.'s education was being severly impacted upon by the near daily verbal and physical bullying by the other students at Pawling's CSD's Middle School. We reasonably anticipated that the bullying would continue if H.C. continued his high school education (9th grade through 12th grade) if he continued to attend Pawling CSD's high school as we had reported to authorities the bullying and no substantial changes to reduce or eliminate the bullying were a consequence of the Pawling CSD's actions.

11. Our son is now obtaining an education at Trinity Pawling which he would have been entitled to at Pawling CSD, if no bullying were present and directed towards H.C.

12. No family members have filed claims for the bullying. However, as parents and guardians for H.C., we identified as co-plaintiffs with H.C. in the captioned action and only sought reimbursement for the actual private school tuition expenses for 8th and 9th grade education of H.C. and his anticipated private school tuition reimbursement at Trinity Pawling.

13. The proposed settlement is $250,000.00--which defendants' insurance carrier and defendants offered to settle and compromise the claims set forth in the Complaint.

14. After thorough discussion with our attorney, Andrew S. Langsam, of Law Office of Andrew S. Langsam PLLC, of Armonk, New York, we agree that this amount would be a fair and reasonable amount to compensate the plaintiffs in the captioned action.

15. Counsel has agreed to "take" this case on a *pro bono* basis for his time and attorney's fees. Accordingly, legal fees associated with this settlement is 0% of the settlement. Our total costs and disbursements, for this matter, including the Mediator's fees, our attonrey's travel expenses, copying and service charges are less than $6,000. The net settlement amount, after all attorney's fees, expenses and disbursements is thus about $244,000. We think this is entirely fair for us and for H.C.

16. We understand and approve of both the terms and amount of the settlement.

17. We understand that the proceeds of the settlement are for the continued secondary education, sole benefit, anticipated psychological and/or psychiatric and/or other medical expenses of H.C. If any proceeds are left after payment of H.C.'s private school tuition, we will first use the proceeds for H.C.'s college career and if that still results in a balance of the funds

remaining, we will only use the funds for the benefit of our daughter's medical condition.

18. The proposed Release is attached hereto. We would respectfully request that the Court approve this settlement, in the terms of the Release, the settlement amount, and the manner by which we shall use the funds, as described above.

19. We request that the Court approve the settlement and allow us to sign the Release to all Defendants.

20. There are no known liens on this matter and all of the infant's past medical bills have been paid for.

21. Based on our son's full physical recovery, we ask the Court to waive a personal appearance. It may be, however, that we will continue H.C. with psychological and/or psychiatric counseling and/or other therapy as he may need the same. We are prepared to fund that amount from our health insurance and/or annual revenues from working and we do not foresee any shortfall in funds even if the full amount of the settlement disclosed above is used only for private school tuition reimbursement.

22. No previous application for the relief herein prayed for has been made.

WHEREFORE, the affiants respectfully request and Order approving the terms and amount of the monetary settlement and approving the attorney's fees and expenses and disbursements, as set forth above.

Date SIGNED: Feb 1, 2025

[signature]

Barry Choate

Sworn to before me this __11__ day of
February 2025

Dated: February 11th, 2025

[signature]

NOTARY PUBLIC – State of New York

MICHELLE K. RUSSO
NOTARY PUBLIC-STATE OF NEW YORK
No. 01RU6313298
Qualified in Putnam County
My Commission Expires 10-20-2026

*[signature]*

Meridith McDowell-Choate

*[signature]*

Barry Choate

## VERIFICATION

**VERIFICATION**

STATE OF NEW YORK     )
COUNTY OF ~~DUTCHESS~~ WESTCHESTER )

MERIDITH MCDOWELL-CHOATE and Barry Choate, being duly sworn hereby avers and says:

1. We are Plaintiffs, parents and guardians and the mother and father, respectively, of Harrison Choate, also a plaintiff in the within action. Harrison is our minor child.

2. We have read the foregoing Petition and know the contents thereof, the same is true to our own knowledge, except as to those matters therein alleged to be on information and belief, and as to those matters, we believe them to be true.

*[signature]*

Meridith McDowell Choate
Sworn to before me this 11 day of February 2025
Dated: February 11th, 2025

*[signature]*
NOTARY PUBLIC – State of New York
MICHELLE K. RUSSO
NOTARY PUBLIC-STATE OF NEW YORK
No. 01RU6313298
Qualified in Putnam County
My Commission Expires 10-20-2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION

---

H. C., a minor under the age of 18 years by his
Mother and Father, his natural Guardians and
Meridith McDowell-Choate and Barry Choate, individually
And in the Matter of the Settlement of the Claims of H. C. an
Infant, by his Parents and Guardians,

                      Plaintiffs

against

PAWLING CENTRAL SCHOOL DISTRICT,
PAWLING MIDDLE SCHOOL
BOARD OF EDUCATION OF PAWLING CENTRAL SCHOOL DISTRICT and
KIM FONTANA, SUPERINTENDENT OF PAWLING CENTRAL SCHOOL DISTRICT

                      Defendants

7: 24 cv 3570 (NSR)

ORDER SETTLING CLAIM
and MINOR'S CLAIM

---

Affidavit of Andrew S. Langsam, Esq.
Law Office of Andrew S. Langsam, PLLC

State of New York.   )
                    )SS.:
County of Westchester)

    Andrew S. LANGSAM, being duly sworn, deposes and states the following:

1. I am an attorney at law duly licensed to practice in all courts of the State of New York, New York, Bar #1603505, and am the sole member of the law firm of Law Office of Andrew S. Langsam, PLLC, with a business address of 28 Limestone Road, Armonk, New York 10504. I represent all Plaintiffs in the captioned matter.

2. I make this Affidavit in support of all above-named Plaintiffs, H.C., a minor (hereinafter "H.C.") and child of Meridith McDowell-Choate, the mother, and Barry Choate, the father, (hereinafter collectively, "the Choates").

3. I make this Affidavit in support of the Choates' Petition to settle the claim of H.C. as the parents and guardians of H.C., as against all named Defendants.

4. In this connection, the insurance carrier for the named Defendants has, with a contribution from the Pawling Central School District, agreed to pay an agreed upon Settlement Amount in the total sum of $250,000.00. in connection with the claims, causes of action, and allegations set forth in the Complaint in this matter.

5. The Choates and I have agreed that there will be no attorney's fee payment for my services as I had agreed upon the undertaking of this matter to do so on a *pro bono* basis. The Choates agreed, however, to repay me for any and all disbursements and out of pocket expenses for the litigation, including the cost of the Filing Fee for the Complaint, the fees for Service of Process, the disbursements for travel to Pawling, NY for depositions of the Plaintiffs, the costs of the Mediator, the travel and one night lodging to and in Schenectady, New York for the Mediation, the costs of photocopying and for postage. The total of all such disbursements and out of pocket expenses is in the range of about $3,580 (the bulk of which was for the payment of the Mediator and the travel and lodging in and to the Schenectady-based recent and settling Mediation).

6. The balance of the Settlement Amount in the range of $246,420.00 is meant to be fully paid over to The Choates and was meant primarily for the reimbursement of the Choates of private school tuition to Mizzentop Day School for the conclusion of H.C.'s 8th grade school year, for the 2024-25 tuition to private school at Trinity Pawling in Pawling, New York for H.C.'s Freshman school year 2024-25 (now under way) and for H.C.'s Sophomore, Junior and Senior years of secondary education at Trinity Pawling, for the school years, 2025-26; 2026-27 and 2027-28. Any excess is meant to compensate the Choates and H.C. for their disbursements in this action and then to H.C. for his emotional and mental distress and physical injury as a consequence of the alleged bullying actions of students within the Defendants' control during school activities.

7. The firm I am the sole member of, Law Offices of Andrew S. Langsam, PLLC, represented the plaintiff, H.C. by consulting with him and his parents, conducting an investigation as to the nature and extent of the alleged bullying incidents, collecting records, obtaining medical records including X-Rays and photographs, conducting legal research, preparing a Notice of Claim, defending all Plaintiffs at individual Depositions of about 2 hours each, preparing and filing a Verified Complaint, preparing and filing an Opposition to Defendants' Motion to Dismiss and attending and negotiating for a full day at a Mediation in Schenectady, New York. H.C., the Choates and I determined there were viable causes of action against several of the Defendants and thus conducted and

concluded extensive negotiations with the Defendants' insurance company at the indicated Mediation which was just recently suggested by Defendants' counsel.

8. While H.C. suffered personal injuries at two of the alleged physical factual bullying incidents alleged in te Notice of Claim and within the Complaint, he has fully now fully physicially recovered.

9. After extensive negotiations, the matter was settled for $250,000. I believe that this is fair and reasonable and I was led to believe by the experienced Mediator, after the settlement, that the amount settled upon was fair and reasonable. The Choates and H.C. think so, too.

10. Pursuant to the retainer agreement with H.C.'s parents, the Choates, there have been no attorneys' fees paid nor are any due as a consequence of the settlement.

11. My law firm firm incurred costs and disbursements totalling about $3,580. This primarily consists of the cost of the Mediation (Mediator's time in preparing for Mediation by reading Complaint, reviewing the pending Motion papers and parties' respective and submitted "position" papers, his attendance for 6 ½ hours and the cost of traveling to and lodging for me overnight in Schenectady, New York. The Choates intend to pay me for these disbursements from the Settlement proceeds.

12. Thus, the Parents of H.C. and H.C. will have a net settlement recovery of $246,420.00. The insurance company representing the Defendants have agreed to a payment of the Settlement Proceeds in full by check payable jointly to the Choates.

13. There are no known liens on this file. All of H.C.'s medical bills have been fully paid.

14. I have not been directly nor indirectly concerned in this Matter other than as attorney for The Choates and H.C. nor in its subject matter at the instance of a party, H.C., the Choates, nor a party or person opposing, or with interest adverse to H.C. nor the Choates.

15. I have not received and am not to receive any compensation from any named or unnamed party directly nor indirectly, nor from any person or firm in connection with this matter.

16. I have no interest and represent no interest conflicting with that of H.C. nor the Choates, his Parents, but am acting solely in the interest of and for the benefit of H.C. and his Parents, the Choates, and have not represented nor currently represent any other person asserting a claim arising from the same facts nor circumstance nor occurrences.

17. I respectfully request that the H.C. and the Choates' personal appearances be excused pursuant to my belief of the good cause shown as H.C. has made a full physical recovery from the physical bullying and in view of H.C. currently attending Trinity Pawling for his education during normal work days and hours corresponding to those of the Court.

18. Requirements for the filing of a retainer statement are inapplicable here as this matter is being fully settled upon the facts set forth above.

19. No previous application for the relief herein requested has been made to any court or judge.

WHEREFORE, I respectfully request that the aforesaid proposal of settlement be approved in the amount of $250,000.00 by check payable to The Choates and that a judgment be entered herein granting me leave to settle and compromise the claims of H.C. and his Parents, Meridith McDowell-Choate and Barry Choate.

/Andrew S. Langsam/
Andrew S. Langsam, Esq.
Law Office of Andrew S. Langsam, PLLC

February 11, 2025